No. 13,557

First Circuit

## PITRE v. RELIABLE ELECTRIC CO.

(Feb. 12, 1927. Opinion and Decree.)

(*Syllabus by the Editor*.)

1. Louisiana Digest—Appeal—Par. 625; Evidence—Par. 343.

The finding of facts by the trial court based on the credibility of the witnesses being clearly correct, is affirmed

Appeal from the District Court, Parish of Calcasieu. Hon. Thos. F. Porter, Jr., Judge.

Action by Charles M. Pitre against Reliable Electric Company, et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

M. R. Stewart, of Lake Charles, attorney for plaintiff, appellant.

J. Sheldon Toomer, of Lake Charles, attorney for defendant, appellee.

ELLIOTT, J.    Suit to recover wages claimed to be due under verbal contract.

Charles M. Pitre alleges that Reliable Electric Company is a commercial partnership composed of Frank Spengler, George W. Beaver and J. H. Rehmberg.

. That said firm and the members thereof are indebted unto him, in solido, in the sum of seven hundred and fifty dollars, with legal interest thereon from August 1, 1925, until paid, on account of work done for the firm under a verbal contract entered into on or about February 19, 1927, terminating August 1, 1925.

That his employment was for twenty-three weeks at fifty dollars per week; and said sum is the balance due him on account.

That the defendant firm was represented in said contract by J. H. Rehmberg, its manager.

The defendants deny the alleged indebtedness. They allege that their firm is an ordinary partnership. They admit that plaintiff was in the employ of their firm as an electrician, but allege that his employment was not by the week, but by the hour. That plaintiff has been paid for all his time, and that they owe him nothing.

The case depends on the credibility of the witnesses. The district judge placed his judgment rejecting plaintiff's demand on that ground.

The plaintiff gives his testimony in a straightforward way, and is in like manner supported and corroborated by Mrs. Roessler, Lonnie Reese and Julien Lambert. The witness, Lambert, after giving his testimony in chief, was called in rebuttal, and corroborates plaintiff in that he was employed by the week. The testimony of Lambert and of Mrs. Roessler is strongly denied however, by Mr. Rehmberg.

Plaintiff's allegations and testimony that he commenced work under his contract on February 1, 1925, and worked until August 1, 1925, a period of twenty-three weeks, at fifty dollars per week, is not in harmony with the method of receiving payment. He alleges that he was paid four hundred dollars on account, but from the start he was not paid by the week, but in small sums at irregular times. He alleges that was paid four hundred dol-

lars, but the checks introduced in evidence showing payments made by him, total four hundred thirty-nine dollars thirty-nine cents. Only one of these checks is for fifty dollars. One of the defendants testified that this fifty-dollar check was not on account of his work, but was a loan to him which had not been returned.

If this fifty dollars, said by defendant to be a loan, be not taken into account, plaintiff has not received four hundred dollars on his time.

The record contains sixteen checks; one of them for fifty dollars, as above said. The other fifteen were payments made at irregular times and in sums ranging from five to forty-five dollars. The fifty-dollar check bears date July 11, 1925. Plaintiff's explanation as to how this came to be done is not overlooked, and it may have been as he says it was; but all the same the showing does not indicate a weekly wage, but indicates instead payments for labor by the hour.

The plaintiff is shown to have no property. He was therefore dependent entirely on his labor for support. One of the witnesses speaks of plaintiff as having a family of children. It is seldom that a laborer with a family of children and no means but his labor, can afford to let his wages run behind to the extent of seven hundred fifty dollars.

Plaintiff's witnesses, three in number, apparently have no interest in the result. The defendants are interested in the result; they called some other witnesses, but the defense depends on the testimony of the defendants themselves.

We are unable to say with certianty, however, that the district judge reached a wrong conclusion. He had the witnesses before him and perhaps knew them.

Judgment affirmed. Plaintiff and appellant to pay the costs in both courts.